IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEREMY JEVON BARNES, )<br>)<br>Defendant. ) | Case Number CR-14-101-C<br>Case Number CIV-15-1175-C |

**MEMORANDUM OPINION AND ORDER**

Defendant, appearing pro se, has filed a Motion seeking relief pursuant to 28 U.S.C. § 2255. According to Defendant, his original trial counsel provided ineffective assistance of counsel by failing to timely file a motion to suppress related to the alleged illegal search and seizure of firearms from Defendant's home. Defendant also complains that his second trial counsel failed to properly request an extension of time so that a motion to suppress could be filed. Finally, Defendant argues that his appellate counsel was ineffective because the involuntariness of his plea was not raised on appeal. Because all of Defendant's allegations of ineffective assistance are at their core premised on the absence of a motion to suppress, the Court will focus on the merits of that claim.

According to Defendant, police appeared at his house in response to allegations of child abuse. Defendant alleges that some two hours into that investigation, the officers conducted a warrantless search of the home, where they found three firearms. After that finding, the officers questioned Defendant's neighbor and discovered additional weapons which allegedly belonged to Defendant on the back porch of the neighbor's house.

Defendant pled guilty to a charge of felon in possession in violation of 18 U.S.C. § 922(c). He now argues that guilty plea was invalid because it occurred under duress as a result of counsels' failure to file the above-mentioned motion to suppress.

To prevail on his claim of ineffective assistance of counsel, Defendant must show "both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'" Byrd v. Workman, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). Defendant has a heavy burden in establishing the first element, as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1537 (10th Cir. 1994). As for the prejudice prong, Defendant must establish "that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Byrd, 645 F.3d at 1168 (internal quotation marks and citations omitted).

Considering first the prejudice prong, the Court finds that refusing to file a motion, even if requested by the client, does not constitute ineffective assistance. See Coleman v. Brown, 802 F.2d 1227, 1234 (10th Cir. 1986); United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir. 1985). Here, the motion requested by Defendant clearly had no merit. Thus, his counsel was not ineffective in refusing to file it. In response to Defendant's Motion, Plaintiff has provided an affidavit from Defendant's original trial counsel. In that affidavit, counsel relates that Defendant affirmatively stated that he consented to the search of his

home. This assertion is consistent with the police reports prepared in connection with the search. With this statement from Defendant, the filing of a motion to suppress would have been a waste of time. Indeed, as noted by Plaintiff, had trial counsel filed such a motion and the Court conducted an evidentiary hearing, counsel would have been required to advise the Court of Defendant's statement that consent was given for the search. In his present Motion, Defendant offers no argument or evidence to counter his earlier statement that the search was with his permission. Because filing the requested motion to suppress would have been improper, the Court finds that Defendant cannot satisfy the first element of <u>Strickland</u> in proving that counsels' conduct was deficient.

Considering the prejudice prong, the Court finds that Defendant's motion would fail on this basis, as well. Even setting aside the assertion that Defendant, in fact, consented to the search of his home, he cannot overcome the fact that several of the firearms which led to the charges against him were found on a neighbor's porch. Defendant would have no standing to challenge that search. The Tenth Circuit noted as much in the direct appeal of this matter, noting that Defendant would not have standing to challenge a search of his neighbor's back porch. <u>See</u> <u>United States v. Barnes</u>, 620 F. App'x 668 (10th Cir. Aug. 13, 2015), <u>citing</u> <u>United States v. Johnson</u>, 584 F.3d 995, 998-99 (10th Cir. 2009). Defendant admits in his motion that the firearms were located at the neighbor's house and does not deny that he acknowledged ownership of those firearms. Thus, there simply is no basis for suppressing the discovery of those firearms. Given that 20 of the 23 firearms were found on the neighbor's porch, it strains belief to suggest that Defendant would have changed his plea

if charged with illegal possession of 20 firearms rather than 23. Thus, Defendant has failed to demonstrate any prejudice in the failure to file the motion to suppress.

Defendant requests the Court to hold an evidentiary hearing on the claims raised by his Motion. As 28 U.S.C. § 2255(b) states, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law." An evidentiary hearing is not required, however, where the "case record conclusively shows the prisoner is entitled to no relief." United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Based upon the facts and reasoning set forth herein, the Court finds that no evidentiary hearing is warranted.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. No. 66) and Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. No. 75) are DENIED. A separate judgment shall issue accordingly.

IT IS SO ORDERED this 22nd day of January, 2016.

ROBIN J. CAUTHRON
United States District Judge

4